

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-12-2005

# Winters v. Devecka

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4639

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Winters v. Devecka" (2005). *2005 Decisions.* Paper 1201.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1201

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DPS-193                                                     **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-4639
_____

STEPHEN J. WINTERS,
Appellant

v.

JOSEPH M. DEVECKA

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 04-cv-01802)
District Judge:  Honorable Yvette Kane

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
April 7, 2005
Before:  ROTH, BARRY AND SMITH, CIRCUIT JUDGES

(Filed:   May 12, 2005)

_____

OPINION
_____

PER CURIAM.

Stephen Winters, currently an inmate at the State Correctional Institution in

Waynesburg, Pennsylvania, filed a complaint pursuant to 42 U.S.C. § 1983 against Joseph

Devecka, a private attorney who represented Winters in his state criminal proceedings

relating to, inter alia, charges of cocaine possession. Winters sought damages and release from confinement for alleged constitutional violations with regard to Devecka's representation.

The Magistrate Judge found that because Devecka is not a state actor, Winters' constitutional claims necessarily fail. See Polk County v. Dodson, 454 U.S. 312, 325 (1981). Alternatively, the Magistrate Judge found that because success on Winters' claims would necessarily imply the invalidity of his criminal conviction in state court, his claims are premature. See Heck v. Humphrey, 512 U.S. 477 (1994). Therefore, the Magistrate Judge recommended dismissing Winters' complaint. Winters objected, contending, inter alia, that the Magistrate Judge was "biased" and sought to fix this case, and should have recused himself. The District Court agreed with the Magistrate Judge that because Devecka is not a state actor, Winters' § 1983 complaint fails to state a claim upon which relief can be granted. In addition, the court found that Winters' contention that the Magistrate Judge should have recused himself lacks merit. Accordingly, the District Court overruled Winters' objections, adopted the Report and Recommendation, and dismissed the complaint.

Winters timely filed this appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291. Winters has been granted leave to proceed in forma pauperis on appeal. When an appellant proceeds in forma pauperis, this Court must dismiss the appeal if it is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A frivolous appeal has no arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). After a review of the record,

we will dismiss this appeal as frivolous.

Winters cannot show that Devecka acted under the color of state law or that Devecka's actions are fairly attributable to the state.  See Dodson, 454 U.S. at 325 (holding that a public defender does not act under the color of state law within the meaning of § 1983 when functioning as counsel to a defendant in a criminal proceeding). Therefore, the District Court properly dismissed Winters' complaint for failure to state a claim upon which relief can be granted.

In sum, because Winters' appeal lacks arguable merit, we will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).